UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Michael J. Blanchard</u>

    v.                                            Civil No. 13-cv-119-JL

<u>Northway Bank et al.</u>

**SUMMARY ORDER**

    Plaintiff Michael Blanchard, proceeding pro se, filed this action against Northway Bank, Mortgage Electronic Registration Systems, Inc. ("MERS"), and ten unnamed "Doe" defendants in this court. Blanchard's complaint alleges, among other things, that the defendants hold neither his mortgage nor the associated promissory note, and seeks declaratory and injunctive relief. No federal question is presented on the face of the complaint.

    The complaint asserts that this court has jurisdiction under 28 U.S.C. § 1332 because "[t]he Plaintiff is a resident of New Hampshire and one of the Defendants [is] a foreign business entity organized and existing outside of New Hampshire." Compl. (document no. 1) ¶ 3. Specifically, it alleges that (1) Blanchard is a New Hampshire resident; (2) Northway is a New Hampshire corporation with its principal place of business in this state; and (3) MERS is a Delaware corporation with its principal place of business in Virginia. There are no allegations regarding the citizenship of the Doe defendants.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375, 377 (1994). A federal court must vigilantly police the borders of its jurisdiction; it is "duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011). Based upon the complaint, it appears that this court does not, in fact, have jurisdiction of this matter under 28 U.S.C. § 1332. That one of the defendants is not a citizen of the same state as Blanchard does not matter; what matters is that one of the defendants-- Northway--*is*.[1] This is because "[d]iversity jurisdiction exists only when there is *complete* diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)).

---

[1] It may be the case that one (or more) of the Doe defendants is also a New Hampshire citizen. The significance of this is not clear. While "[t]he presence of John Does does not destroy diversity jurisdiction in cases removed to federal court . . . [f]ederal courts do not agree on whether John Does are permitted in diversity cases originally filed in federal court, as this case was." Universal Comm. Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 426 n.10 (1st Cir. 2007) (citations omitted). The Court of Appeals has never directly addressed this issue, and this court need not do so at this time, either.

Blanchard is therefore ordered to file a memorandum **on or before April 3, 2013,** showing cause why this action should not be dismissed for lack of subject-matter jurisdiction.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 21, 2013

cc: Michael J. Blanchard, pro se