UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Michael J. Blanchard

    v.                                                Civil No. 13-cv-119-JL

Northway Bank et al.

**SUMMARY ORDER**

Plaintiff Michael Blanchard, proceeding pro se, filed this action against Northway Bank, Mortgage Electronic Registration Systems, Inc., and ten unnamed "Doe" defendants in this court, invoking the court's jurisdiction over actions involving diverse parties. See 28 U.S.C. § 1332. The problem with Blanchard's invocation of diversity jurisdiction, as this court pointed out in its order of March 21, 2013, is that both Blanchard and Northway are New Hampshire citizens, and "[d]iversity jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)). Because no alternative jurisdictional basis is apparent on the face of the complaint, the court ordered Blanchard to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.

Blanchard filed a memorandum in response to the court's order, in which he "suggest[s] the court's Show Cause Order may be premature" because "it is possible the defendants may elect to accept Plaintiff's complaint without protest."  Pl.'s Response (document no. 9) at 1-2.  As the court explained in the show cause order itself, though, federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree," Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375, 377 (1994), and are "duty-bound to notice, and act upon, defects in [their] subject matter jurisdiction sua sponte," Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011).  Therefore, whether or not defendants consent to this court's jurisdiction by "accept[ing] Plaintiff's complaint without protest" is simply irrelevant:  without subject-matter jurisdiction, the court has no power to entertain this action.[1]  And, at least as the complaint is currently drafted, this court has no subject-matter jurisdiction.

---

[1]Blanchard also suggests that because the court's order did not specifically address the allegations of his complaint, including allegations of criminal conduct by the defendants, the court "has accepted jurisdiction over all criminal charges."  Pl.'s Response (document no. 9) at 2.  Lest there be any further misunderstanding, the court's concern is that it does not have jurisdiction over this action <u>at all</u>, not just certain parts of it.

2

Perhaps recognizing this, Blanchard has moved for leave to amend his complaint. The proposed amended complaint still names Northway as a defendant, so the court still could not exercise diversity jurisdiction over the action even if leave to amend were granted. The proposed amended complaint does, however, include a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., so, if leave to amend is granted, the court will have jurisdiction to entertain this action under 28 U.S.C. § 1331 (federal question).[2]

As the defendants note in their opposition to Blanchard's motion, though, the allegations contained in the proposed amended complaint do not state a claim for relief under RESPA. Blanchard simply alleges that on February 18, 2013, he sent Northway a Qualified Written Request ("QWR") and that he "is entitled to answers to" that communication. Proposed Am. Compl. (document no. 10-1) ¶¶ 80-81. There are at least three reasons why these bare allegations do not state a RESPA claim:

1.  Blanchard has neither attached the alleged QWR nor provided any factual allegations describing its contents. In the absence of this type of detail, his characterization of the alleged February 18, 2013 communication as a QWR--a term that has a specific meaning under RESPA, see 12 U.S.C. § 2605(e)(1)(B)--is nothing more than the type of "label or conclusion" the Supreme Court has held to be insufficient to state a claim for relief. See Bell Atl. Corp. v. Twombly,

---

[2]The other proposed amendments have no jurisdictional significance.

3

      550 U.S. 544, 555 (2007); see also Sipe v. Countrywide Bank, 690 F. Supp. 2d 1141, 1154 (E.D. Cal. 2010) ("A conclusory allegation that the correspondence was a 'Qualified Written Request' is insufficient.").

2. Blanchard does not allege that Northway failed to acknowledge receipt of his alleged QWR as required by RESPA, see 12 U.S.C. § 2605(e)(1)(A), to respond to it in a timely fashion, see id. § 2605(e)(2), or to cease providing certain information to consumer reporting agencies after its receipt, see id. § 2605(e)(3), as would be required to state a QWR-based RESPA claim.

3. Finally, in order to state a claim for relief under RESPA, a plaintiff must allege either actual damages, or "a pattern or practice of noncompliance" that would entitle the plaintiff to recover statutory damages. See Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 122 (D.N.H. 2012) (quoting 12 U.S.C. § 2605(f)(1)).  Blanchard has done neither.

Because the proposed amendment would fail to state a claim under RESPA--and thus fail to cure the jurisdictional defect the court identified in its March 21, 2013 order--Blanchard's motion to amend (document no. 10) is DENIED as futile, see Muskat v. United States, 554 F.3d 183, 195-96 (1st Cir. 2009), and the case is dismissed for lack of subject-matter jurisdiction.[3]  The clerk shall enter judgment accordingly and close the case.

---

[3]This dismissal does not foreclose Blanchard from refiling his action against defendants in New Hampshire Superior Court.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: April 25, 2013

cc: Michael J. Blanchard, pro se
    Peter G. Callaghan, Esq.